IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| LEMONIQUE JOHNSON, # 368966 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00017 |
| | ) | |
| SARENA WEST, et al., | ) | Senior Judge Haynes |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff, Lemonique Johnson, an inmate incarcerated in the South Central Correctional Facility in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against Sarena West, Jessica McElroy and Gina Gonzales, employees of the facility, alleging violations of his federal rights. Plaintiff asserts claims under the First, Eighth and Fourteenth Amendments arising from a prison guard's false statement about him to other inmates.

According to his complaint, Plaintiff alleges that on December 3, 2014, while Defendant West was escorting him from the recreation cage back into his protective custody unit, she stated that he and his fellow protective custody inmates were "a bunch of p.c. bitches," and announced that Plaintiff was on protective custody for engaging in oral sex on the compound. Plaintiff alleges that West made these comments in front of several other inmates, at least one of whom is – like Plaintiff – a member of the "vice lords" prison gang. Plaintiff alleges that "[h]er actions can have me severely hurt or killed by being affiliated with the vice lords." Plaintiff claims Defendant West's actions violated his right to be free from cruel and unusual punishment under the Eighth Amendment.

Plaintiff alleges that he submitted a prison grievance about Defendant West's actions on December 5, 2014. Plaintiff alleges that a first level response to his grievance was due on December 17 but he did not receive one until December 19, and that his hearing should have been held on December 30 but was postponed until January 6, 2015. Plaintiff alleges that he filed multiple grievances against Defendant McElroy, the grievance chairperson, about the alleged mishandling of the first grievance, and that Defendants McElroy and Gonzales mishandled those grievances as well. He claims the improper handling of his grievances violated his rights under the First and Fourteenth Amendments.

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e©. Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

The Eighth Amendment prohibits prison officials from denying inmates "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Eighth Amendment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included

continuous insulting remarks by guard); *see also Morrison v. Greenwald*, No. 3:09-CV-009, 2010 WL 1253962, at *9 (S.D. Ohio Feb. 24, 2010) report and recommendation adopted, No. 3-:09-CV-009, 2010 WL 1253958 (S.D. Ohio Mar. 23, 2010) ("The Constitution does not protect inmates (or anyone else) from gross insults by public officials, including prison guards. Furthermore, Plaintiff suffered no injury from the insult."). A prison official's offensive remarks about an inmate's presumed sexual preference does not state a claim under the Eighth Amendment. *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997). Accordingly, Plaintiff's allegations about Defendant West's isolated vulgar comments do not state a claim for which relief can be granted.

As to Plaintiff's allegation that Defendant West's comment has put him in danger, prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837.

Since Plaintiff's speculation about possible danger to him arising from Defendant West's

comment is insufficient to allege plausible facts of a substantial risk of serious harm. Plaintiff who is in protective custody, does not allege facts giving rise to a plausible threat to his safety or that prison officials are deliberately disregarding his safety. Plaintiff fails to state an Eighth Amendment claim.

Finally, Plaintiff's claims against Defendant McElroy and Gonzales that the mishandled his grievances, do not establish a violation of a federal right. Although inmates retain a general right to petition the government for redress of grievances, *Turner v. Safley*, 482 U.S. 78, 84 (1987), they do not have an inherent constitutional right to any particular state-created grievance procedure or even to an effective grievance procedure. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (affirming dismissal of claim that jail staff ignored grievances because inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure"). Plaintiff's claim about procedural irregularities in processing or responding to his grievances fails to state a claim for which relief can be granted and will be dismissed.

For the reasons set forth herein, this action should be dismissed for failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 6th day of April, 2015.

WILLIAM J. HAYNES, JR.,
Senior United States District Judge